MICHELE BECKWITH
Acting United States Attorney
EMILY G. SAUVAGEAU
NICOLE M. VANEK
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:25-CR-00066-JAM |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |
| v. | |
| BRADLEY GOMEZ, | |
| Defendant. | |

## I.    **STIPULATION**

1.    Plaintiff United States of America, by and through its counsel of record, and defendant Bradley Gomez, by and through counsel of record Etan Zaitsu ("Defendant" and "Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources, and/or that contain personal identifying information ("PII") and other confidential information of real persons.

2.    This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3. On March 13, 2025, a grand jury returned an indictment charging Defendant with six counts of distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Counts One through Six); Defendant made his initial appearance in federal court for arraignment on March 17, 2025.

4. As part of its investigation in the above-captioned case, the government is in the possession of documents and other materials relating to the charges against the Defendant, and seeks to provide those materials to counsel for the Defendant. The government seeks to do so pursuant to its discovery obligations, although some of the materials may exceed the scope of the government's discovery obligations and will be produced to promote a prompt and just resolution of the case.

5. The government intends to produce to Defense Counsel: (1) audio recordings, video recordings, photographs, investigative reports and/or other documents that could identify law enforcement undercover agents and/or confidential sources; and/or (2) materials containing PII and other confidential information of real persons. These real persons are third parties, co-conspirators, and/or witnesses to this case. This discovery will be considered "Protected Material" as described in this stipulation and order, as will any other discovery marked as Protected Material.

6. The purpose of this stipulation and order is to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to any Protected Material in this case and the information therein.

7. The Government shall produce the aforementioned Protected Material to Defense Counsel, designating the discovery with the bates prefix, "GOMEZ_BRADLEY_PM_." This discovery, and any subsequent material discovered by the Government to Defense Counsel using the bates-prefix, shall be considered Protected Material.

8. All Protected Material in this case is now and will forever remain the property of the Government. It is entrusted to Defense Counsel only for purposes of representing the Defendant during the pendency of this case.

9. Defense Counsel shall not give any Protected Material to any person other than Defense Counsel's staff assisting in preparation of the present case. The term "staff" shall explicitly include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter. The term excludes any person involved in any case in which discovery concerning

the Defendant is produced and any other person other than those specifically authorized to see Protected Material under this paragraph.

10. Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

11. No members of the Defendant's family, friends of the Defendant, personal or professional associates of the Defendant, or any other person affiliated with the Defendant shall be given access to any Protected Material or its contents in any manner, for any reason.

12. Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case. If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be labeled "Protected Material," and is subject to all terms of this stipulation and order.

13. If Defense Counsel releases custody of any Protected Material to any person described in paragraph 9, defense counsel shall first provide such recipient with a copy of this Order. All such parties are bound by the terms of this Order. In addition, if Defense Counsel releases custody of any Protected Material to a person described in paragraph 9 who is not a staff member of his office, Defense Counsel will obtain written or electronic acknowledgement from the recipient that the recipient is bound by all the terms of the protective order before Defense Counsel disseminates Protected Material to that recipient.

14. Defense Counsel may use the Protected Material in the defense of Defendant in the instant case in order to provide effective assistance of counsel (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with this stipulation and order as it shall be originally prepared and signed.

15. In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, or otherwise seeks changes to the protective order, Defense

Counsel is entitled to seek to have this stipulation and order amended by a the Duty Magistrate upon a motion filed 7 days prior to any scheduled hearing on the matter, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

16.    Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with Defendant the contents of the Protected Material. Defense Counsel or an authorized member of Defense Counsel's staff, however, must be physically present any time the Defendant reviews any Protected Material, and are prohibited from letting the Defendant leave with any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected Material; or summaries of any of the Protected Material. This prohibition will not extend to the Defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

17.    The parties agree that when feasible, redacting sensitive information from a document is an effective method and viable alternative to a protective order for protecting confidential information from being used or disseminated. As such, Defense Counsel may make reasonable requests to provide the Defendant redacted versions of documents subject to this protective order when doing so will reduce barriers to or burdens on the Defendant's ability to meaningfully participate in their own defense or in preparing for trial. The Government agrees to permit duplicate versions of documents containing Protected Material to be redacted and provided to the Defendant if it determines that the redactions can effectively conceal protected information and are otherwise feasible to produce.  Redacted documents produced pursuant to an agreement under this paragraph shall not be considered Protected Material and will therefore not be covered under this Protective Order. The Government may determine the party responsible for redacting the material and whether redacted documents will be separately bates stamped and/or released without the "PM" designation.

Respectfully Submitted,

Dated:  March 17, 2025

MICHELE BECKWITH
Acting United States Attorney

By:  /s/ NICOLE M. VANEK
NICOLE M. VANEK
EMILY SAUVAGEAU
Assistant United States Attorney

Dated:  April 2, 2025

/s/ ETAN ZAITSU
ETAN ZAITSU
Counsel for Defendant
BRADLEY GOMEZ

1

**FINDINGS AND ORDER**

2        The Court having read and considered the Stipulation and Joint Request for a Protective Order,

3  which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE

4  exists to enter the above Order.

5        IT IS SO FOUND AND ORDERED

6  Dated:  April 3, 2025

7                                              _____

8                                              CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28